**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL B. WOOLMAN, | : | CIVIL ACTION NO. 11-4682 (MLC) |
|  | : |  |
| Plaintiff, | : | **O P I N I O N** |
|  | : |  |
| v. | : |  |
|  | : |  |
| VERIZON COMMUNICATION, | : |  |
|  | : |  |
| Defendant. | : |  |

**THE PLAINTIFF**, Michael B. Woolman, who is <u>pro se</u> and a citizen of Nebraska, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.)  The Court will (1) grant the Application, and (2) deem the Complaint to be filed.  The Court may now (1) review the Complaint, and (2) dismiss it <u>sua sponte</u> if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  (Dkt. entry no. 1, Compl.)  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).  The Court will dismiss the Complaint, as it is frivolous and fails to state a claim on which relief may be granted.

**WOOLMAN** has used a "Pro Se Civil Complaint" form ("Form"). (Compl. at 1.)  He alleges that "[o]n the date of ,1 of February of 2008":

The association was such for the control, and the manner of a ,
Breach of Peace. Now, for and all, the amendments 1,8th .
Using and providing a service for me but not attending, right
Just in a value of proceedings a contract fail to determine and,
Conclude residents for privacy rights & HIPPA,
05-02-004, Compile for this proceeding.
As such, now this formal complaint to be filed.

BREAF OF THE COMPLAINT

Here & now in the U.S. district court, the district of New Jersey.
Michael B Woolman V. Verizon Communication INC.

Now for the continuing to do so, and not regretting for them,
And their Company disregarding to care. Useful as phones are
Marker as phones can be, not paying a bill an interrupted call.
What should be a undeasant clause and improper for foiling
Could be considered and could have been avoided, 'still
No way to use a comm channel.
For the concerning party,' the void of a contract is a suggestion.
To conform a lie of an example of life and liberty and the
Pursuit of happiness, should be held up for,' what this country is

Stood up for all time.
The state of privacy & and being private," The one thing for such a
Country can say.

(Id. at 2-3 (as stated and formatted in original).)

   **WOOLMAN**, on the Form, has marked the slots for "Claim arises

under the Constitution, laws or treaties of the United States",

and "Violation of civil rights".  (Id. at 4.)  He has also marked

the slot for "Other basis for jurisdiction in federal court", but

neglects to provide any further explanation thereafter in the

space provided.  (Id.)

   **WOOLMAN**, as a basis for venue, states:

   **BREACH OF PEICE**
   To hold a suggestion, will be an understanding .

(Id. (as stated and formatted in original).)

2

**WOOLMAN**, as a basis for relief, states, "There,' agreement was not a full proposal." (Id. at 5 (as stated and formatted in original).)  He also states, "There was no regarding an understanding agreement." (Id. (same).)

**WOOLMAN** has also filed two supplemental affidavits, which are drafted in the same vein as the Complaint. (See dkt. entry no. 3, 1st Pl. Supplemental Affidavit; dkt. entry no. 4, 2nd Pl. Supplemental Affidavit.)

**THE COMPLAINT** is unintelligible, and contains no discernible factual or legal allegations. See Fed.R.Civ.P. 8, 10; see also Mackay v. Keenan Mercedes Benz, 340 Fed.Appx. 127, 127 (3d Cir. 2009) (affirming district court's dismissal of complaint not alleging violation of federal statute or Constitution); Scibelli v. Lebanon County, 219 Fed.Appx. 221, 222 (3d Cir. 2007) (dismissing appeal from district court order that dismissed complaint merely alleging defendant caused "injuries" for failure to allege federal constitutional or statutory basis for relief). Also, to the extent that Woolman attempts to assert a civil rights violation, there can be no liability under 42 U.S.C. § 1983 here, as the defendant is not a state actor. See Boyd v. Pearson, 346 Fed.Appx. 814, 816 (3d Cir. 2009) (affirming district court order dismissing complaint where defendant was not state actor). 42 U.S.C. § 1983 does not cover merely private

conduct, no matter how wrongful.  <u>St. Croix v. Etenad</u>, 183
Fed.Appx. 230, 231 (3d Cir. 2006).

**THIS IS NOT THE FIRST TIME** that a federal court has found
Woolman's pleadings to be deficient.  <u>See</u> <u>Woolman v. Grasshopper</u>
<u>Communication</u>, No. 11-660 (M.D.N.C.), dkt. entry no. 6, 11-30-11
Order (Woolman asserted he was being tracked by certain devices);
<u>Woolman v. Comcast Cable & Communication</u>, No. 11-4818 (D.N.J.),
dkt. entry no. 4, 11-14-11 Order (Woolman asserted unintelligible
claims); <u>Woolman v. Cox Communication</u>, No. 11-2547 (N.D. Ga.),
dkt. entry no. 5, 10-31-11 Order (Woolman asserted unintelligible
claims concerning illegal broadcasting); <u>Woolman v. 3 Eagles</u>
<u>Communications</u>, No. 11-1976 (D. Colo.), dkt. entry no. 9, 10-4-11
Order (Woolman asserted unintelligible claims); <u>Woolman v. Baylor</u>
<u>Health Hosp.</u>, No. 11-2062, 2011 WL 4336688, at *1 (N.D. Tex. Sept.
14, 2011) (Woolman asserted that a device was inserted in his
armpit to track his whereabouts); <u>Woolman v. Time Warner</u>, No.
11-6366 (C.D. Cal.), dkt. entry no. 2, 8-9-11 Order (labeling
complaint "nonsensical", as Woolman asserted defendants "would
cross dress me in different outfits, change me appearances, From,
Black, mexican, and other even a mexacan man, well no body knows,
I a white man born and riased in Nebraska" (as stated and
formatted in original)); <u>Woolman v. Playboy Entertainment Spice</u>
<u>Xcess</u>, No. 11-3740 (C.D. Cal.), dkt. entry no. 2, 5-11-11 Order
(Woolman claimed defendant changed him into a cross dresser).

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.[1]

                                        s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:    December 2, 2011

_____

[1] The defendant moved to dismiss the Complaint before the Court screened the Complaint pursuant to 28 U.S.C. § 1915.  (<u>See</u> dkt. entry no. 2.)  The Court will deny the motion without prejudice as being premature.